IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| STATE OF TEXAS, *ex rel*. JOHN DOE | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| vs. | § | CAUSE NO. |
| | § | |
| ORGANOGENESIS HOLDINGS, INC., | § | |
| | § | |
| | § | |
| *Defendant.* | § | JURY DEMANDED |

## RELATOR'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, THE UNITED STATES OF AMERICA ("USA"), THE STATE OF TEXAS ("Texas"), *ex. rel.* JOHN DOE ("Relator" or "Mr. Doe"), Plaintiffs in the above styled and numbered cause, files this Original Complaint against ORGANOGENESIS HOLDINGS, INC. ("Organogenesis" or "Defendant"), for causes of action and will show unto the Court as follows:

### I. PARTIES AND SERVICE

1. Plaintiff, Mr. John Doe, is the Relator and is an individual who resides in Nueces County, Texas. Mr. Doe was an employee of Organogenesis and has first-hand knowledge of the unlawful billing practices promoted and condoned by Organogenesis systematically and

1

extensively. As required under the False Claims Act, 31 U.S.C. §§3729 and 3730 *et seq.*, a copy of this Complaint and written disclosure of all material evidence the Relator possessed at the time of the Original Complaint was filed has been provided to the Attorney General of the United States and to the United States Attorney for the Southern District of Texas. Additionally, as required under the Texas Medicaid Fraud Prevention Act ("TMFP"), Tex. Hum. Res. Code §§36.011-132, a copy of this Complaint and written disclosure of all material evidence the Relator possessed at the time of the Original Complaint was filed has been provided to the Attorney General of the State of Texas.

2. Mr. Doe, in his capacity as Relator, has direct and independent knowledge of the facts underlying this Complaint. Relator is an "original source" as that term is defined under 31 U.S.C. §3730(e). The facts and allegations underlying this complaint have not been publicly disclosed, as public disclosure is defined under 31 U.S.C. §3730.

3. At all relevant times mentioned herein, Defendant ORGANOGENESIS, INC. ("Organogenesis" or "Defendant") is a Delaware corporation having a principal place of business at 150 Dan Road, Canton, MA 02021, doing business in the State of Texas at 5314 Saint Andrews Drive, CC 78413 Corpus Christi, TX 78413. Defendant does not have a registered agent in the State of Texas and can be served at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711.

4. The State of Texas and similarly situated States are represented by Relator, prior to the intervention of the Texas Attorney General or any counsel of the States' choosing, pursuant to Section 36.101 of the Texas Human Resources Code and similar State statutes prohibiting fraud on State Medicaid and similar programs. TEX. HUM. RES. CODE § 36.101 (West 2019).

2

5. This Complaint is filed *in camera*, under seal, and may not be served upon the Defendant until further order of this Court.

## II.     JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 31 U.S.C. *§* 3720(b} and 3732, which provide that any action under § 3730 may be brought in any judicial district in which the Defendant(s) resides or transacts business or in which any act proscribed by 31 U.S.C. § 3729 occurred. The Defendant, Organogenesis, maintains operations in this jurisdiction.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court of the Southern District of Texas, Corpus Christi Division, as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

8. This Court has supplemental jurisdiction over Plaintiffs pendent state law claim pursuant to 28 U.S.C. § 1367(a).

## III.     INTRODUCTION

9. This is an action to recover damages and civil penalties on behalf of the United States of America and the State of Texas arising from false and/or fraudulent records, statements and claims made, used and caused to be made, used or presented by the Defendant, and/or its agents, and employees in violation of the Federal Civil False Claims Act ("FCA"), 31 U.S.C. §3729, et seq., and the Texas Medicaid Fraud Prevention Act ("TMFPA"), TEX. HUM. RES. CODE§§ 36.001-132.

## IV.     FACTS

10. Organogenesis is a regenerative medicine company focused on empowering healing through the development, manufacturing, and sale of products for the advanced wound

3

care, and surgical and sports medicine markets for individuals who have Medicare, Medicaid, Veterans Administration coverage, or private insurance in Texas. Organogenesis actively solicits clients/accounts (clinics, doctors' offices, wound care centers etc.) to purchase products from Organogenesis. Thereafter, Organogenesis requires the accounts to submit claims to Medicare/Medicaid for reimbursement. Organogenesis actively instructs its accounts to improperly round multiple pieces of product; which has resulted in fraudulent billing by Organogenesis and its client/accounts. Organogenesis knowingly and recklessly established fraudulent billing practices and have caused false claims to be submitted by instructing its sales reps and their client/accounts to use improper criteria when calculating the billable units for reimbursement by Medicaid and Medicare.

11. Organogenesis is engaging in, and in the past has engaged in, a systematic pattern and practice of intentionally or recklessly instructing its accounts to submit false and fraudulent claims for reimbursement to Federal and state-funded health insurance programs, and non-insured patients.

12. Relator, was hired by Organogenesis on March 21, 2022, as a Tissue Regeneration Associate I at Organogenesis. Relator's position has responsibility for sales support in the Corpus Christi, Texas territory and reported to Adam Domecq, Regional Sales Manager. Relator was tasked with pitching sales to new accounts and was aware of Organogenesis' billing practices as it relates to Affinity wound care and Novachor.

13. Specifically, months after Relator was hired he was made aware that several major accounts in his territory were under a Medicare audit and/or facing Medicare claw backs due to the **improper rounding of decimals when multiple pieces of Affinity were used** as well as another account/clinician being audited and clawed back **for including depth in the equation** to

4

calculate wound size as per Organogenesis' own direction and procedures.

14. Depth can be used for documenting wound size, however, it cannot be used or factored in for Verifying Benefits to apply to a product with the patients' payor/medical insurance (Medicaid, Medicare advantage plans, commercial insurance etc.). A physician can record wound size as for example length, width, depth, but when a clinic decides a patient has met the criteria for applying an advanced product (aka skin substitute) they must Verify Benefits with patients' payor, which involves filling out a form that has a checklist of criteria, including, wound size. This is where **depth** cannot be included for total wound size. However, Organogenesis routinely instructs its clients to include depth to increase the amount of billable units and higher reimbursements.

15. Specifically, Organogenesis has illegally instructed its sales representatives to instruct its client/accounts to improperly submit claims and has continued to do so even after they were aware accounts were getting audited/clawed back by Medicare. Senior Leadership had knowledge of and has continuously failed to rectify. More precisely, Organogenesis has continuously provided false information as a means of receiving greater reimbursement from the forementioned payers. In addition to the fraudulent practice/instruction of upcoding, Organogenesis continues to overutilize improper rounding up practices and has created policies which have affected or increased units for the billing of the "product code" or "HCPS code," also known as the "Q CODE," Affinity Code is- Q4159, which is generating more Medicare and Medicaid reimbursements than what would be owed if billed properly.

16. The Affinity Code – Q4159 is available in two sizes: (1.5cm x 1.5cm) and (2.5cm x 2.5 cm). The correct rounding for one product size (2.5 x 2.5) is equivalent to 6.25 billable units, which is rounded up to 7 billable units. However, Organogenesis has created a practice that if more

5

than two pieces of Affinity are used each piece should be rounded up individually as two 7 billable units equivalent to 14 billable units. However, it is well known that when the two 6.25 billable units are used it should be equivalent to 12.50 and only rounded to 13 billable units. Here, Organogenesis is continuously instructing and effectively allowing the improper reimbursement of one extra billable unit when two Affinity pieces are billed. Furthermore, the total surface area would only be length x width, which would be placed on the Benefit Verification Form, yet Organogenesis continuously instructs its physicians and sales reps to include length x width x depth when measuring the piece for the benefit verification form.

17. Organogenesis bills its account/clients (ex. office or facility purchasing product) only for the cost of product. Medicare or insurance then reimburses Organogenesis' accounts/clients usually at a higher rate than cost of product. The accounts/clients create the bills to be submitted to Medicare and Medicaid, while Organogenesis instructs its sales representatives to teach its client/accounts how to improperly bill for multiple Affinity Q4159 units. Organogenesis' improper instructions on billing practices are wasteful and fraudulent, and Organogenesis is abusing the Affinity Q4159 code to generate a higher level of revenue than what is actually owed.

18. Novachor, a product similar to Affinity, is also being improperly rounded just as Affinity mostly because it is reimbursing higher than Affinity. Novachor – ("Fresh Chorion Membrane Wound Covering"), Code – Q4194, is available is size: (1.5 x 2.75cm = 4.125cm). The correct rounding for one product (4.125cm) is equivalent to 5 billable units. The proper rounding on two pieces (4.125cm + 4.125cm) is equivalent to 8.25 billable units, which is correctly rounded to 9 billable units. Organogenesis continuously instructs its sales reps to require its account/clients to improperly bill by rounding up (5cm + 5cm), which is equivalent to 10 billable units, and

6

effectively allowing the improper reimbursement of one billable unit when two Novachor pieces are used.

19. Defendant's instruction of improper billing continues to increase even more if three Novachor pieces are used and so on (Novachor 4.125x 3 pieces = 12.375 billable units should round to 13 billable units). Organogenesis instructs to round each for a total of 15 billable units effectively stealing 2 billable units. Novachor and Affinity are marketed as the Fresh Family of Organogenesis products. This is because they are fresh placental membranes that have living viable cells. This product requires special refrigerated shipping container. Organogenesis' fraudulent practices continue to cause and make improper billing fraud more widespread.

20. Additionally, Organogenesis' knowingly, intentionally, and continuously instruct its client/accounts to file false claims on behalf of referring and/or ordering providers who ( 1) improperly rounded up billable units for multiple pieces of Affinity Q4159 and Novachor Q4194, and (2) improperly instructed accounts to include depth in determining total wound size when submitting Benefit Verification to patients insurance (Medicare, Medicare advantage, Medicaid etc) resulting in an increased total area size of wound. Although, the physician had knowledge of what was being submitted; they typically did not know it was inaccurate due to improper instruction from Organogenesis sales representatives and their official documents that mislead doctors to include depth. There is a documented complaint that was sent to Organogenesis regarding this specific matter. However, nothing was done and the practice of falsifying referring providers to get claims paid continues, as documented and acknowledged by the Relator.

21. Failure to bill all assigned Medicaid and Medicare claims due to systemic operational problems causes waste and impedes the ability to file timely, accurate claims, maintain accurate records and collect revenue associated for non-covered services, deductibles, copays, and

7

coinsurance, under the enrollee's government and commercial health care contract and as outlined in government payer provided manuals.

22. In sum, Relator has discovered that Organogenesis was and is engaging in systemic fraudulent activity by knowingly instructing its clients reps to submit false claims for services billed or submitted for reimbursement, which were improperly charged and measured (causing a higher reimbursement) as documented in the medical records, or by the providers who referred, ordered, or rendered the services.

23. Organogenesis knew or should have known that it is illegal to instruct its client/accounts to round-up the units for multiple pieces of Affinity that caused Organogenesis to collect more reimbursements on claims that were submitted. Although Organogenesis does not collect reimbursement directly from Medicare or Medicaid; their accounts do, and by improperly instructing illegal billing practices, these client/accounts receive higher reimbursements; making Organogenesis' products more financially attractive to prospective buyers who unknowingly continue to trust the billing practices advertised and instructed by Organogenesis.

24. Organogenesis knew or should have known that it is illegal to instruct or advertise false billing methods to include depth in the measurement of the size of the wound (with regards to billable units), manipulating the size of the wound for a higher reimbursement (improper rounding up of multiple Affinity pieces) when verifying benefits through patients insurance provider, thus creating the altered, false claim for reimbursement.

25. Organogenesis knew or should have known that it is illegal to promote false billing practices to allow its client/accounts to retain or convert government and insurance funds that were illegally obtained by false claims. Organogenesis knew or should have known that instructing its client/accounts to file false claims in violation of the False Claim Act jeopardizes the ability of the

8

individual physician, who is unaware of the false claims, to participate in Medicare, Medicaid and other insurance programs when false or fraudulent information is added on claims filed under the physician's signature, as well as the organization's recertification to participate in Medicare and Medicaid, and other insurance programs.

26. The fraudulent activity was brought to the attention of Organogenesis and corrective actions were not taken. As recently as today's date, Organogenesis continues to instruct its client/accounts to file claims that are not in compliance with the False Claims Act, as evidenced by its implementation of the "rounding up policies" and "using depth as a measurement of the size of the wound," and knowingly gave false information to its staff, which has caused higher reimbursements based on false claims; and in addition caused unnecessary reviews because of the wastefulness of this practice. Rather than train its employees with the proper billing procedures, Organogenesis knowingly released claims that they knew were not entitled to be reimbursed. High performing sales reps and managers that are refusing to instruct accounts to use these improper rounding and billing practices are being fired.

27. As a direct result of the improper and unlawful practices of Organogenesis, federal and state health insurance programs including, but not limited to, Medicaid, Medicare, and Treasury (VA), have been billed and paid for false and fraudulent claims for reimbursement which overexaggerated the unit size and charge per unit of multiple Affinity and Novachor pieces, which were not reflective of the actual size and charge of the Affinity and Novachor units, causing federal and state health insurance programs to improperly and overly reimburse Organogenesis' claims for reimbursement.

## V.  CAUSES OF ACTION

### VIOLATIONS OF THE FALSE CLAIMS ACT
### 31 U.S.C. § 3729(A)(1)(A)(B)(C)

28. Relator incorporates by reference the allegations contained in above paragraphs, as if fully rewritten herein.

29. Organogenesis knowingly instructed its client/accounts to create false claims; its illegal billing practices have cause, to be presented, a false or fraudulent claim for payment or approval with knowledge of its falsity, or with gross negligence or reckless disregard to facts and conditions that would indicate said claims were inaccurate or inappropriate and false and caused payments for said claims to be made by the United States Government and the State of Texas. By reason of the violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A), Organogenesis has knowingly or recklessly damaged the United States Government and the State of Texas in an as of yet undetermined amount.

30. Organogenesis knowingly instructed its client/accounts to create false claims, causing to be made or used, a false record or statement (i.e. rounding up policy and wound-size policy) material to a false or fraudulent claim, for payment or approval with knowledge of its falsity, or with gross negligence or reckless disregard to facts and conditions that would indicate said claims were inaccurate or inappropriate and false and caused payments for said claims to be made by the United States Government and the State of Texas. By reason of the violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B), Organogenesis has knowingly or recklessly damaged the United States Government and the State of Texas in an as of yet undetermined amount.

31. Organogenesis knowingly conspired to commit a violation of subparagraph (A),

10

(B) of §3729 by instructing its client/accounts to create false claims, causing to be made or used, a false record or statement (i.e. rounding up policy and wound-size policy) material to a false or fraudulent claim, for payment or approval with knowledge of its falsity, or with gross negligence or reckless disregard to facts and conditions that would indicate said claims were inaccurate or inappropriate and false and caused payments for said claims to be made by the United States Government and the State of Texas. By reason of the violation of the False Claims Act, 31 U.S.C. § 3 729(a)(1)(C), Organogenesis has knowingly or recklessly damaged the United States Government and the State of Texas in an as of yet undetermined amount.

## VIOLATIONS OF THE TEXAS MEDICAID FRAUD PREVENTION ACT
## TEX. HUM. RES. CODE§ 36.002

32. The Relator incorporates the allegations above by reference. Organogenesis, in performing the acts described above, conspired to defraud the United States Government in violation of the Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE§ 36.002 by getting false or fraudulent claims allowed or paid to the damage of the state of Texas.

33. This is a qui tam action brought pursuant to by Relator on behalf of himself, the United States of America, and the State of Texas to recover damages and civil penalties under the Texas Medicaid Fraud Prevention Act ("TMFPA") including 36.052 and Organogenesis violated the TMFPA including but not limited to the following respects.

**Organogenesis violated Sec. 36.002.**

A person commits an unlawful act if the person:
(l) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid program that Is not authorized or that is greater than the benefit or payment that is authorized;

(2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

34. The Relator incorporates the allegations above by reference. Organogenesis, improper billing instructions described above, knowingly caused to be made false statements and misrepresentation of a material fact to permit its client/accounts to receive a benefit or payment under the Medicaid program that was not authorized and that was greater than the benefit or payment that is authorized, in violation of the Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE§ 36.002(1).

35. Organogenesis, improper billing instructions described above, knowingly concealed, or failed to disclose information that permitted its client/accounts to receive a benefit or payment under the Medicaid program that they were not authorized and that was greater than the benefit or payment that was authorized, in violation of the Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE§ 36.002(2).

36. This is a *qui tam* action brought pursuant to by Relator on behalf of himself, the United States of America, and the State of Texas to recover damages and civil penalties under the Texas Medicaid Fraud Prevention Act ("TMFPA") including 36.052 and Organogenesis violated the TMFPA including but not limited to the following respects. This is a claim for treble damages and penalties under the Texas Medicaid Fraud Prevention Act.

## VI.     JURY DEMAND

37. Relator demands a jury trial and tenders the appropriate fee with this Complaint.

## VII.     PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Relator, JOHN DOE, THE UNITED

STATES OF AMERICA, and THE STATE OF TEXAS respectfully prays that Defendant, ORGANOGENESIS, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered against ORGANOGENESIS for damages as follows:

1. for damages that are as yet indeterminable, for violations of the False Claims Act, 31 U.S.C. § 3729(a)(l), (2), and (3);

2. for treble the damages found for violations of 31 U.S.C. § 3 729(a)(1 ), (2), and (3);

3. for damages that are as yet indeterminable, for violations of the False Claims Act, 31 U.S.C. 3730(h);

4. for damages that are as yet indeterminable, for violations of the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.001-132;

5. for a fine of not less than $5,500 or the minimum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $5,500, and not more than $11,000 or the maximum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $11,000, for each unlawful act committed;

6. for litigation costs;

7. for special damages;

8. for reasonable attorneys' fees and costs; and

9. for such other and further relief, at law or in equity, to which Relators are justly entitled.

Respectfully Submitted,

Kennard Law P.C.

*Eddie Hodges Jr.*
**Eddie Hodges, Jr.**
Texas Bar No. 24116523

13

S.D. ID No. 3479748
Eddie.Hodges@kennardlaw.com
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
S.D ID No. 713316
Alfonso.Kennard@kennardlaw.com
filings@kennardlaw.com
5120 Woodway Dr. Suite 10010
Houston, TX 77056
Main: 713-742-0900
Fax: 832-558-9412
**ATTORNEYS FOR RELATOR**